## 19978

David W. DILL, Respondent, v. PICKENS COUNTY, South Carolina, Appellant

(213 S. E. (2d) 95)

*Felix L. Finley, Jr., Esq.,* of Pickens, *for Appellant,*

*Messrs. Abrams, Bowen, Hagins & Robertson,* of Green-ville, *for Respondent.*

March 25, 1975.

BRAILSFORD, Justice:

This is an appeal by Pickens County from a verdict and judgment in favor of plaintiff for $600.00 for damages sustained when the front end of his truck dropped off of a county road into a creek. The wooden bridge maintained by the County over the creek had been broken down by a heavily loaded gravel truck some seven to ten days before plaintiff's mishap, which occurred on July 20, 1972.

The complaint, after alleging, as required by Section 33-921, Code of 1962, that plaintiff's injuries had not been brought about by his own negligence, nor had he negligently contributed thereto, alleges, *inter alia,* that such injuries were caused by the negligence of the County in failing to timely repair the bridge or in failing to close the road which was unfit for travel.

The appeal is upon four exceptions all of which charge error in refusing the County's motion for a directed verdict, either for lack of evidence of any actionable negligence on its part or for failure of plaintiff to meet his statutory burden of proving the absence of contributory negligence.

The tar and gravel county road in question intersects the Easley Bridge Road on the south and Highway 123 on the north, crossing the creek about midway between. Both of the are primary highways and are roughly parallel to each other between Greenville and Easley. Plaintiff was employed near Greenville and after hours was building a house just off of the County Road. His access to the building site was via the Easley Bridge Road to the County Road, thence in a northerly direction to a dirt road or driveway about one-fourth mile before reaching the creek. Plaintiff was also cutting timber for use in the construction and had made several trips hauling logs to a sawmill in Pickens. His

route to the sawmill was over Highway 123 which he reached by traveling north on the County Road. The bridge over the creek was broken down shortly after plaintiff had made such a trip, and he was told of the occurrence but did not visit the scene.

Some ten days later, when plaintiff had accumulated another load of logs, he started for the sawmill by his usual route. He testified that as he approached a downgrade and curve there were no barricades or warning signs indicating that the road was closed, from which he assumed that the bridge had been repaired. Because of the curve, plaintiff was within about one-hundred feet of the creek when he observed the danger ahead. He immediately applied his brakes, but, although he was only driving fifteen or twenty miles per hour, he was unable to stop before the front of his truck nosed into the creek, leaving the rear wheels and load of logs on the roadway.

Plaintiff and one McGarity, a fellow employee who had regularly assisted plaintiff in building his house, both testified that no warning signs were visible to them in traveling from the Easley Bridge Road via the County Road to plaintiff's work site, which they did daily between the breakdown of the bridge and plaintiff's accident. They further testified that there were no barricades or signs at any point north of the creek on the day of plaintiff's accident. In this respect, their testimony was corroborated by the testimony of the investigating highway patrolman, who visited the scene on the afternoon of the accident in response to plaintiff's report. Photographs of the locale taken on the next day also tend to corroborate their testimony.

On the other hand witnesses for the County testified that barricades with flambeaux and appropriate signs had been erected across the County Road on both sides of the creek on the afternoon that the bridge was broken down, and that these were visited daily and maintained until a pipe and fill

had been installed in place of the bridge, except for temporary removal to facilitate the new installations.

We are satisfied that the sharply conflicting testimony on this point required submission of the issue of actionable negligence to the jury.

The County argues, however, that the complaint failed to allege that it was negligent in failing to barricade the road, or in otherwise failing to give adequate warning of the defect in the highway. But this is the theory on which the case was tried without objection. In truth, the County's motion for a directed verdict rested in part upon the assertion that the only reasonable inference from the evidence was that it had complied with its duty to erect barricades and other warnings on the approaches to the damaged bridge. If there was a variance between allegation and proof in the respect claimed, which we need not decide, it was clearly waived. 61 Am. Jur. (2d), Pleading, Sec. 398 (1972).

We find no merit in the claim that the court should have found plaintiff guilty of contributory negligence as a matter of law. Under all of the circumstances, whether he acted as a man of ordinary prudence and care in relying upon the appearance of safety in approaching the bridge was a question for the jury.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.